George **FLOURRE**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 12098.

United States Court of Appeals
Sixth Circuit.

Oct. 21, 1954.

---

Gordon H. Hood, Cincinnati, Ohio, for appellant.

Sumner Canary, Cleveland, Ohio, Clarence M. Condon, Toledo, Ohio, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and oral argument of counsel.

And it appearing that this is an appeal from the denial of a motion to vacate sentence and for writ of habeas corpus *ad testificandum*;

And it appearing that appellant was charged with violation of the Mann Act, Title 18 U.S.C. § 2421; that an attorney was appointed for appellant by the court and was present at the various preliminary proceedings subsequent to February 20, 1953; that appellant under the advice of his attorney waived indictment, changed his plea of "not guilty" to "guilty," and was sentenced on April 30, 1953, to serve three years in the penitentiary, credit being given for months already served in jail;

And it appearing that the motion to vacate sentence was based upon the contention that the Federal Court had no jurisdiction, because at the time judgment and sentence were entered the appellant was wanted by the State of Michigan under a warrant charging parole violation;

And it appearing that this contention has no merit, Mitchell v. Boen, 10 Cir., 194 F.2d 405; for the fact that appellant was subject to the terms of a state parole did not exempt him from being taken by the Federal Government where no objection was made by the paroling State. U. S. ex rel. Lombardo v. McDonnell, 7 Cir., 153 F.2d 919; Cf. Kirk v. Squier, 9 Cir., 150 F.2d 3;

And it appearing that the failure of appellant's attorney to subpœna certain witnesses and his advice that he could not subpœna such witnesses, if erroneous, does not entitle appellant to vacate the prior judgment and to withdraw his plea of guilty. Parrino v. United States, 2 Cir., 212 F.2d 919, certiorari denied 75 S.Ct. 46.

And it appearing that the files and records of the court conclusively show that appellant is entitled to no relief, Title 28 U.S.C. § 2255;

It is ordered that the order of the District Court be and it is affirmed.