James ANDERSON and Fad Williams,
Appellants,

v.

William H. BANNAN, Warden,
Appellee.

No. 13263.

United States Court of Appeals
Sixth Circuit.

Jan. 3, 1958.

Jacob K. Stein, Cincinnati, Ohio, for appellants.

Samuel J. Torina, Sol. Gen., Lansing, Mich., Thomas M. Kavanagh, Atty. Gen., Daniel J. O'Hara, Perry A. Maynard,

Asst. Attys. Gen., on the brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

Appellants were tried and convicted in the Detroit Recorders Court for armed robbery. Application to the Supreme Court of Michigan for leave to appeal was denied. Petition to the Supreme Court of the United States for writ of certiorari was denied. Appellants thereupon filed in the United States District Court their application for a writ of habeas corpus attacking the validity of the state court judgment on the ground that it was in violation of the due process clause of the Constitution of the United States, Amend. 14. Sec. 2241(c) (3), Title 28 U.S.Code. The writ was denied and the action dismissed, followed by this appeal.

Appellants contend that the conduct of their counsel during the course of the trial rendered the proceedings a farce so as to constitute a denial to them of due process of law. This is coupled with the contention that the trial court improperly received in evidence a statement made by a witness, who although not a co-defendant, had made the statement prior to the trial to the effect that he and the two defendants had jointly planned and carried out the robbery. This witness had later repudiated the statement but was nevertheless called as a witness for the prosecution, and upon testifying that he did not take part in the robbery and did not see the two defendants on the day of the robbery was questioned about his prior statement to the contrary. Defense counsel did not object to this testimony nor did he request an instruction that the evidence be considered for a limited purpose only, and no such instruction was given. Complaint is also made that no objection was made by defense counsel to cross-examination of one of the defendants with respect to certain prior offenses, not constituting felonies and not resulting in conviction.

■■ If the foregoing evidence was erroneously received and considered by the jury it constituted a part of the record subject to consideration by the Supreme Court of Michigan on the application for leave to appeal. It is well settled that habeas corpus cannot be used as a substitute for appeal for the purpose of attacking the validity of state court rulings not involving constitutional questions. Brown v. Allen, 344 U.S. 443, 458, 73 S.Ct. 397, 97 L.Ed. 469; Thomas v. Eyman, 9 Cir., 235 F.2d 775, 777; Cash v. Huff, 4 Cir., 142 F.2d 60; Sec. 2241, Title 28 U.S.Code.

Appellants attempt to avoid this rule by injecting into the case an alleged constitutional issue, namely, failure to have the effective assistance of counsel constituting lack of due process. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Avery v. State of Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377.

■ In considering this question, we must keep in mind that appellants were represented by counsel of their own choosing, who, although having engaged in active practice less than two years, was a graduate of one of the leading law schools of the country. A criminal trial before a jury involves questions of policy and judgment, as well as knowledge of the law. In the aftermath of a trial, it is often found that even the most able of counsel may have erred in some respects. Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, 670; Pierce v. Hudspeth, 10 Cir., 126 F.2d 337. To justify a writ of habeas corpus on the ground of incompetency of counsel, an extreme case must be disclosed, considerably more than inadequacy of representation by counsel of one's own choosing. Ex parte Haumesch, 9 Cir., 82 F.2d 558; Maye v. Pescor, 8 Cir., 162 F.2d 641, 643; Morton v. Welch, 4 Cir., 162 F.2d 840, 842.

■ The record does not show any lack of good faith in counsel's representation of appellants nor has our attention been directed to any prejudicial errors on his part, other than the alleged errors

above referred to. On the contrary, excepting the instances complained of, the record shows adequate representation in a cause that had little chance of success. Appellants have not sustained the burden of establishing lack of due process in the state court trial. Palakiko v. Harper, 9 Cir., 209 F.2d 75, 83, certiorari denied 347 U.S. 956, 74 S.Ct. 683, 98 L.Ed. 1101.

The judgment of the District Court is affirmed.