Richard Lee ELLIOTT, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16155.

United States Court of Appeals
Eighth Circuit.

June 11, 1959.

Richard Lee Elliott, pro se.

Roy L. Stephenson, U. S. Atty., and Richard J. Wells, Asst. U. S. Atty., Des Moines, Iowa, filed brief for appellee.

Before GARDNER, Chief Judge, and JOHNSEN and VOGEL, Circuit Judges.

PER CURIAM.

Richard Lee Elliott, appellant, was convicted of three counts of an indictment charging violation of the narcotic laws (§ 174 of Title 21 U.S.C.A.). Count 9 charged selling and facilitating the sale of two (2) grains of heroin on October 12, 1957; count 10 with facilitating the sale of and giving away of one (1) grain of heroin on October 14, 1957; and count 11 of conspiracy with other defendants to violate § 174 of Title 21 U.S.C.A.

Upon trial the appellant was found guilty on all three counts and was sentenced to 14 years' imprisonment on each count, such sentences to run concurrently.

On August 21, 1958, pursuant to 28 U.S.C.A. § 2255, appellant filed a motion to vacate judgment and to set aside illegal sentence and motion to proceed in forma pauperis. On the same day the United States District Court for the Southern District of Iowa entered an order denying both motions. On November 19, 1958, appellant again filed a motion to vacate judgment and to set aside illegal sentence, which was overruled by the same court on November 20, 1958. On December 15, 1958, appellant filed notice of appeal to this court. Subsequent thereto, on January 28, 1959, he filed motion for transcript of trial and another motion to proceed in forma pauperis. On the same day, the District Court overruled both motions, stating:

"This Court is still of the opinion that the appeal is frivolous and has no merit whatsoever, and that the government should not be put to the expense of furnishing this defendant with the transcript of the trial proceedings."

On March 2, 1959, appellant filed a motion before this court for leave to proceed in forma pauperis, such motion being supported by his affidavit. On March 11, 1959, we granted appellant leave to have his appeal heard on the original files under the provisions of our Rule 8(j), 28 U.S.C.A.

Appellant's only contention of possible substance is that he was convicted upon perjured testimony. He has attached to his brief his own affidavit setting forth that two witnesses who testified against him, Carolyn Ann Jefferson and Felix Parks, committed perjury in so testifying. He also attaches the affidavit of Warren Albert Swanson, a co-defendant.[1] The Swanson affidavit indicates that at a meeting of co-defendants and their counsel during the trial of the case he overheard Richard Lee Elliott's attorney ask a co-defendant, Felix Parks, (who changed his plea to guilty during the trial and testified against appellant) whether or not Elliott in any way participated with him in the crime of which they were accused, and that Felix Parks stated in reply that Elliott had in no way participated with him, or words to that effect. This was in contradiction to Parks' testimony.

In the first place, nowhere is it alleged that the government knowingly used perjured testimony in its prosecution of the appellant. Appellant alleges:

"7. That the confessed narcotics addict Carolyn Ann Jefferson was corrced (sic) into giving perjured testimony, in that she had been arrested and had pleaded guilty but had not been sentenced, and did not recive (sic) sentence until after the trial of defendant an (sic) other defendants was over.

"8. That the confessed narcotics peddler Felix Parks was corrced (sic) into giving perjured testimony against defendant in that he along with the other co-defendants in this case had changed their plea from 'not guilty' to 'guilty' after the trial had begun but had not been sentenced. And that after stating 'in prence (sic) of other co-defendants and their counsel and defendant Richard Lee Elliott and his counsel (attorney Robert D. Ray) 427 Fleming Bldg., Des Moines Iowa, who took the stand and testified in behalf of defendant, that he herd (sic) defendant Felix Parks state: 'that defendant Richard Lee Elliott had nothing to do with drugs as far as he knew.' The confessed narcotics peddler Felix Parks took the witness stand aginst (sic) the defendant and committed perjury in

---

1. The government in its brief claims that this affidavit is signed by the appellant, Richard Lee Elliott, and not by Warren Albert Swanson. An examination of the original files would indicate the contrary and for present purposes we shall treat the affidavit as that of Warren Albert Swanson.

order that he might recive (sic) some help from plaintiff toward getting a sentence less than the maximum, thereby causing the conviction against defendant to be based 'entirely!' upon two (2) narcotics offenders instead of one (1)"

In Taylor v. United States, 8 Cir., 1956, 229 F.2d 826, 832, certiorari denied 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500, Judge Kimbrough Stone, speaking for this court, stated:

"Because the statutory proceeding is a collateral attack upon the judgment of conviction, the burden is on the petitioner to establish a basis for relief under some one or more of the grounds set forth in the section. At the threshold of his undertaking is the necessity of alleging facts which, if proven, would entitle him to relief. Such allegations must particularize definitely and be beyond mere conclusions.

"The basis of these amendments to this motion is the knowingly willful use of perjured testimony to secure this conviction. Such an issue requires two elements: (1) use of perjured testimony; and (2) knowledge by the prosecuting officials, at the time the testimony was used, that it was perjured. The latter element is a requisite because the fact that there may be false testimony does not alone and of itself vitiate a judgment. Ryles v. United States, 10 Cir., 198 F.2d 199, 200."

If the two government witnesses in the instant case did give perjured testimony, appellant and his counsel were aware of it at the time. Appellant himself testified and attempted to contradict the testimony of the two witnesses. His own attorney became a witness in his behalf and testified to the alleged statement by Parks contained in the Swanson affidavit, here presented. The jury had this information. They apparently chose not to believe the appellant and to place some credence in the witnesses whom the appellant now charges with perjury. We have nothing more here than an attack upon the credibility of the government's witnesses—co-defendants who changed their pleas from "not guilty" to "guilty" and were not sentenced until after appellant and the other co-defendants were tried. This was before the jury and was passed upon adversely to appellant. His conclusions here are utterly unsupported, do not allege that the prosecuting officials knowingly used perjured testimony and indicate that he and his attorney had fully as much knowledge of the situation at the time of trial as they do now. Appellant is not entitled to the relief demanded.

Affirmed.