Charles Robert O'MALLEY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 14242.

United States Court of Appeals
Sixth Circuit.

Jan. 13, 1961.

Chase Shafer, Cincinnati, Ohio, appointed by court, for appellant.

Thomas S. Schattenfield, Asst. U. S. Atty., Columbus, Ohio, for appellee, Hugh K. Martin, U. S. Atty., Columbus, Ohio, on the brief.

Before MILLER, CECIL and O'SULLIVAN, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant filed motion in the District Court under the provisions of Section 2255, Title 28 U.S.Code, to vacate a judgment and sentence of twenty-five years under an indictment charging him with the offense of bank robbery, Section 2113, Title 18 U.S.Code.

■ The allegations challenging the weight of the evidence cannot be considered in this collateral attack upon the judgment, in that they were properly reviewable by an appeal, which appellant did not prosecute. Whiting v. United States, 6 Cir., 196 F.2d 619.

■ Nor can we consider the allegation that the conviction is based upon perjured testimony. Taylor v. United States, 9 Cir., 221 F.2d 228; Elliott v. United States, 8 Cir., 268 F.2d 135.

There remains for consideration appellant's additional contention that he was denied the effective assistance of counsel, and particularly his complaint that his counsel did not use a witness who appellant contends would have testified in his behalf, and that two other witnesses who would have testified for him were sent home by his counsel before the termination of the trial without being called to testify.

■ Appellant's counsel was of his own choosing. Under such circumstances the rule has been often stated that only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court, can a charge of inadequate legal representation prevail. Cofield v. United States, 9 Cir., 263 F.2d 686, 689; Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, 792–793, certiorari denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86; Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, 670, certiorari denied, 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002; United States v. Miller, 2 Cir., 254 F.2d 523; Anderson v. Bannan, 6 Cir., 250 F.2d 654, 655; United States ex rel. Feeley v. Ragen, 7 Cir., 166 F.2d 976, 980–981.

In Anderson v. Bannan, supra, 6 Cir., 250 F.2d 654, 655, this Court pointed out, "A criminal trial before a jury involves questions of policy and judgment, as well as knowledge of the law. In the aftermath of a trial, it is often found that even the most able of counsel may have erred in some respects." In the opinion of trial counsel it may be advantageous not to cross-examine a certain witness, or not to use a witness who, although helpful to the defendant in certain respects, could be made a harmful witness on cross-examination. The testimony of prospective witnesses relied upon by a defendant may prove to be overvalued by the defendant and ineffective when fully developed and analyzed by defense counsel in his pretrial preparation. Counsel's decision not to subpoena or use certain witnesses is often a matter addressed to the judgment of the trial attorney. Bolden v. United States, 105 U.S.App.D.C. 259, 266 F.2d 460, 461, Flourre v. United States, 6 Cir., 217 F.2d 132. Many questions may arise in the course of a trial, which must be left to the decision of the defense attorney. The fact that a different or better result may have been obtained if a different decision had been made, does not mean that the defendant has not had the effective assistance of counsel. United States v. Duhart, 2 Cir., 269 F.2d 113, 115; Felton v. United States, 83 U.S.App.D.C. 277, 170 F.2d 153, 154. An excellent discussion of this subject is found in Mitchell v. United States, supra, 104 U.S.App. D.C. 57, 259 F.2d 787, certiorari denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86.

■■ In Diggs v. Welch, supra, 80 U.S.App.D.C. 5, 148 F.2d 667, 670, certiorari denied, 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002, the Court said, "Few trials are free from mistakes of counsel. How much these mistakes contributed to the result can never be measured. There are no tests by which it can be determined how many errors an attorney may make before his batting average becomes so low as to make his repre-

sentation ineffective. The only practical standard for habeas corpus is the presence or absence of judicial character in the proceedings as a whole." See also: Edwards v. United States, 103 U.S.App. D.C. 152, 256 F.2d 707, 709, certiorari denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed. 2d 82.

We are of the opinion that the allegations of the motion to vacate, accepted as a correct statement of the facts for present purposes, do not constitute as a matter of law a failure to have the effective assistance of counsel in the trial resulting in appellant's conviction. Since the allegations are accepted as a correct statement of the facts, it is unnecessary that a hearing be held. Mitchell v. United States, supra, 104 U.S.App.D.C. 57, 259 F.2d 787, 794, certiorari denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86.

 Following the entry of the order overruling the motion to vacate, appellant filed an amendment to his motion to vacate, which alleged that the U. S. District Attorney and appellant's attorney "entered in a collusion to deprive Petitioner of the witnesses for Petitioner's defense." The District Judge ruled that it was a bare statement of conclusion and presented no new matter showing that appellant was entitled to relief, and declined further consideration. Appellant contends that he was entitled to be heard on the amended motion. United States v. Hayman, 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232; Price v. Johnston, 334 U.S. 266, 291–292, 68 S.Ct. 1049, 92 L.Ed. 1356.

When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing. United States v. Trumblay, 7 Cir., 256 F.2d 615, 617, certiorari denied, 358 U.S. 947, 79 S.Ct. 355, 3 L.Ed.2d 353; United States v. Mathison, 7 Cir., 256 F.2d 803, 804–805, certiorari denied, 358 U.S. 857, 79 S.Ct. 77, 3 L.Ed.2d 91; Johnson v. United States, 6 Cir., 239 F.2d 698, certiorari denied, 354 U.S. 940, 77 S.Ct. 1404, 1 L.Ed.2d 1539; Mitchell v. United States, supra, 104 U.S.App.D.C. 57, 259 F.2d 787, 792–793, certiorari denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86; United States ex rel. Swaggerty v. Knoch, 7 Cir., 245 F.2d 229, 230. See also: Loum v. Underwood, 6 Cir., 262 F.2d 866. In our opinion, the District Judge was not in error in declining to give the amended motion further consideration. Dunn v. United States, 6 Cir., 234 F.2d 219, 221, certiorari denied, 352 U.S. 899, 77 S.Ct. 140, 1 L.Ed.2d 90.

The judgment is affirmed.