UNITED STATES of America
v.
Willie J. RAMSEY.
Crim. No. 61–314.

United States District Court
D. Massachusetts.

March 8, 1962.

W. Arthur Garrity, Jr., U. S. Atty., Boston, Mass., Paul A. M. Hunt, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Walter Powers, Boston, Mass., for defendant.

CAFFREY, District Judge.

The petitioner, Willie J. Ramsey, was convicted on November 29, 1961, after trial by jury, for violation of 18 U.S.C.A.

§ 2312, transporting a stolen motor vehicle from New Jersey to Massachusetts, knowing the same to have been stolen. He was sentenced to three years imprisonment on December 11, 1961 and is serving his sentence at the U. S. Penitentiary, Atlanta, Georgia.

On January 8, 1962, the petitioner addressed a letter to the United States District Court which was filed in the Clerk's office on January 12, 1962. In this letter which is, in substance, in the nature of a motion for new trial, petitioner makes the representation that at the time of the alleged offense he was in Florida.

Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. provides that a motion for a new trial may be made at any time within two years on the ground of newly discovered evidence, and it likewise provides that a motion for new trial on any other ground must be made within five days after verdict or within such other time as the Court may direct.

Treating this letter as a motion for a new trial, it is not based on newly discovered evidence, since this same contention was made at the trial by the petitioner who took the stand and testified that he was in Florida at the time the crime was committed. In addition to the testimony of the petitioner, on timely application filed by petitioner's court-appointed counsel, the Court ordered the production, at Government expense, of four witnesses who resided in Florida. One of these was the wife of the defendant and the other three were social friends of the defendant. These four witnesses were brought to Boston, and each of them testified to the effect that the defendant was in Florida at the time of the commission of the crime alleged.

At a hearing held on motions of this petitioner counsel for petitioner advised the Court that the four witnesses produced at Government expense were the only witnesses requested by the defendant, save the wife of one of the witnesses who was then sick in a hospital in Florida and physically unable to attend, and whose testimony would have been cumulative to that of the four defense witnesses who did testify. It is obvious from the finding of guilty that the jury did not believe these witnesses but, instead, believed the testimony of five disinterested Government witnesses who placed the defendant in Massachusetts as the person who sold the stolen car.

█ The petitioner's January 8 motion, not being based on newly discovered evidence and not being filed five days after verdict, is denied.

The petitioner wrote a second letter, on January 18, 1962, addressed to the Clerk of the Court, which he labelled "Writ of Error," and which was filed in the Clerk's office on January 23. In this letter petitioner complains of the failure of his court-appointed counsel to produce a witness who was supposedly implicated in the offense and also complains of the failure of the Government to produce a handwriting expert to testify as to the authenticity of petitioner's endorsement on the check received by the person who described himself as Willie J. Ramsey when selling the stolen car to a used-car dealer in Auburn, Massachusetts.

█ Treating this letter as a motion under 28 U.S.C.A. § 2255, I find it to be without merit. Petitioner's complaint as to the alleged failure to call a witness is at best an attempt to second-guess an experienced lawyer who afforded petitioner vigorous and competent representation at the trial. See Sanchez v. United States, 256 F.2d 73 (1 Cir., 1958). Counsel stated in open court that he called all witnesses requested, save as indicated above. If the question of which of these contrary statements were true had any materiality I would elect to believe court-appointed counsel, having in mind that the defendant testified in his own behalf during trial and when afforded the opportunity to exercise the right of allocution he did so, changed the testimony he had given at trial, and said, with specific reference to an important portion of his testimony, "That was a false statement." In any event, it has been repeatedly held that under ordinary circumstances refusal of trial counsel to call a person to testify is a decision which counsel must make as part of trial strategy

and does not represent a ground upon the basis of which an attack can be made collaterally upon a judgment subsequently entered. MacDonald v. United States, 282 F.2d 737, 741 (9 Cir.1960); Flourre v. United States, 217 F.2d 132 (6 Cir. 1954); Green v. United States, 256 F.2d 483 (1 Cir.), cert. denied 358 U.S. 854, 79 S.Ct. 83, 3 L.Ed.2d 87 (1958); Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, cert. denied 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958); United States v. DiGregorio, 148 F.Supp. 526 (S.D.N.Y.1957).

As to the second complaint, the failure of the Government to produce a handwriting expert, the short answer is that none was requested by the defendant, that five witnesses placed defendant in Massachusetts and testified that they saw him sell the car, receive payment, and endorse the check in question.

It might further be observed that in view of the very apparent similarity between petitioner's signature on the check which was offered in evidence and his signature on the application for appointment of counsel and on a waiver of indictment form, his counsel was acting in his best interest in obviating the appearance of a handwrting expert.

Both motions are denied.