Robert THOMPSON, Jr., Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 14979.

United States Court of Appeals Sixth Circuit.

April 12, 1963.

Robert Thompson, Jr., appellant, pro se.

William E. Scent, U. S. Atty., John E. Stout, Asst. U. S. Atty., Louisville, Ky., for appellee.

Before WEICK and O'SULLIVAN, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

· This is an appeal from an order of the District Court denying appellant's motion to vacate sentence pursuant to Title 28 U.S.C.A. § 2255.

Appellant was convicted by a jury of robbery of a Federal Savings and Loan Association in Louisville, Kentucky, and placing in jeopardy the life of one of the employees of such Federal Savings and Loan Association by the use of a gun while engaged in such robbery. Appellant was not definitely identified by those present at the robbery, as the holdup man, but a note which was given by the holdup man to a bank clerk, at the time of the robbery, was identified by a handwriting expert of the Federal Bureau of Investigation as having been written by appellant.

As grounds for his motion to vacate sentence, appellant makes the following numerous complaints:

"(1) Illegal search of petitioner's place of residence without a legal certified warrant for 'search and seizure.' (2) Illegal use and improper introduction of an 'expert witness.' (3) Illegal use of testimony which originated solely and directly from circumstances complained of in No. (1). (4) All Negro persons were systematically stricken from jury service. (5) Improper instruction to jury panel on determination of guilt. (6) Introduction of evidence and testimony of another crime (State charge), therefore putting the issue of defendant's character before said jury. (7) Violation of the Sixth Amend. to the U. S. Constitution, by prosecuting the defendant without being confronted with his accusers. (8) And convicting contrary to statute. (No proof of violation of Title 18, Sec. 2113(a)."

With few exceptions, hereafter to be noted, the above grounds are reviewable by appeal, and are therefore not subject to review by motion under Section 2255.

One of the grounds upon which appellant bases his motion is that all Negro persons were systematically stricken from jury service. The District Court in its order declared that this conclusion is not supported by any statement of facts and the records of the Court show its falsity; and appellant did not claim that he challenged the panel at the time of trial.

With regard to appellant's claim that he was not confronted by his accusers at the time of trial, the District Court found that this was an ambiguous statement unsupported by any relation of facts. A reading of the transcript of evidence aggregating 369 pages and containing the testimony of forty-five witnesses for the government and two witnesses for the accused, including among others, witnesses of the holdup, and an expert handwriting witness of the Federal Bureau of Investigation, convinces us that there is no merit in this regard

Appellant further filed an affidavit that, due to his prompt removal to prison, he was preventd from filing a notice of appeal. He makes no contention and no showing that those having him in charge deliberately obstructed his efforts or frustrated his intention to take an appeal, and, accordingly, he has made no showing of deprivation of due process. Wallace v. United States, 174 F.2d 112, 119 (C.A. 8).

With regard to appellant's contention that all Negroes were systematically stricken from jury service, it is to be noted that at the time of appellant's arraignment, he was represented by an attorney and the same attorney ably represented him throughout the protracted hearing of the case, as well as during the proceedings at which he received his sentence, the transcript of which extends through twenty-five typewritten pages of the record. In view of the fact that no complaint was made with regard to the jury by appellant or his counsel during the selection of the jury, the trial of the case, and at the time of imposition of sentence, and that no attempt is made to show by proffered affidavits, or other proof, that appellant was denied his constitutional rights by a systematic exclusion of Negroes from jury service, the declaration of the District Court that appellant's conclusion therein is not supported by any statement of facts, and that the records of the Court show its falsity, is sufficient to dismiss this claim as being without merit.

Appellant complains that, prior to his trial in the District Court, he had been convicted in the state court of Kentucky on a charge of armed robbery, and had been sentenced to a prison term; that subsequent to the above-mentioned sentence, he was tried in the United States District Court on the present charge of robbery and of placing in jeopardy the life of an employee of the Savings Association by the use of a gun; that, because of his prior sentence in the state court, the federal court had no jurisdiction to try him while he was under sentence of the state court. The State of Kentucky, however, is not complaining and apparently surrendered appellant to the federal authorities for trial on the violation of the federal criminal statutes. Appellant is in no position to complain of his conviction because of the above circumstances. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607; Flourre v. United States, 217 F.2d 132 (C.A. 6).

In accordance with the foregoing, the order of the District Court is affirmed.