**Nicholas R. CROWDER, Petitioner,**

*v.*

**UNITED STATES of America, Respondent.**

**Civ. No. 29642.**

United States District Court
E. D. Michigan, S. D.

Sept. 21, 1967.

---

Lawrence Gubow, U. S. Atty., and James Frances Finn, Asst. U. S. Atty., for the United States.

Harold M. Provizer, Detroit, Mich., for petitioner.

## ORDER DENYING MOTION TO VACATE SENTENCE

THORNTON, District Judge.

The petitioner, Nicholas R. Crowder, has applied to this Court for a writ pursuant to Title 28 U.S.C. § 1651(a) which the Court is considering as a motion to vacate sentence under the provisions of Section 2255 of the United States Code, Title 28. In support of his application

petitioner has set forth the following claims:

" I. INEFFECTIVE ASSIST-ANCE OF COUNSEL

II. USE OF POST-INDICTMENT CONFESSION

III. USE OF PERJURED GOV-ERNMENT EVIDENCE

IV. UNREPRESENTED COURT APPEARANCE

V. INNOCENCE AND MISCAR-CARRIAGE OF JUSTICE."

In a supplemental motion petitioner set forth two additional claims:

" VI. USE OF INADMISSIBLE EXTRA JUDICIAL STATE-MENTS

VII. LACK OF GOVERNMENT CORROBORATING EVI-DENCE"

On March 20, 1963, after a trial by jury, petitioner was found guilty of the charges contained in an indictment which charged him and others with a conspiracy to violate Section 2314, Title 18 U.S.C. (Interstate Transportation of Forged Securities). Subsequently petitioner was sentenced by this Court to a term of imprisonment of four years under the provisions of Section 4208(a) (2), Title 18 U.S.C. Thereafter, on June 17, 1963, the petitioner's Notice of Appeal was filed with the Clerk of this Court. A petition was submitted by Crowder for the right to appeal in forma pauperis, which was granted. However, on the appeal the petitioner was represented by an attorney of his own choice. As a result of a hearing a determination was made on the question of how much of the record should be transcribed in order to perfect the petitioner's appeal, and the official court reporter was ordered to transcribe the testimony of certain witnesses at government expense.

In relation to the instant petition for a writ * this Court entered an order on July 14, 1967 granting petitioner's mo-tion to proceed in forma pauperis, granting his motion for counsel and denying his motion for bail pending the hearing on said motion. The Court appointed Mr. J. Connor Austin of Detroit, Michigan as counsel for petitioner. In the same order the matter was set down for a hearing on September 7, 1967. The witnesses' subpoenas requested by petitioner were served by the United States Marshal of this District at government expense.

The government in its answer to petitioner's motion to vacate sentence denied the validity of all petitioner's claims. At the hearing on the said motion witnesses were produced by petitioner and by respondent as the result of which this Court has concluded as follows:

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

█ Mr. Harold M. Provizer of Detroit, Michigan was appointed to represent the petitioner. During the course of the trial petitioner did at no time express to the Court any dissatisfaction with his appointed counsel, although during the course of the hearing on the instant motion Provizer testified that he thought that Crowder had expressed dissatisfaction with his work. However, Provizer also testified that he consulted with Crowder prior to the trial; that he went over the background of the witnesses and defendants with Crowder; that Crowder understood what he was charged with; that he consulted with Crowder during the course of the trial; and that he advised Crowder to take the stand in his own defense. A reading of the transcript that was prepared for the appeal and which is now part of the file provides convincing proof of the fact that Crowder's appointed counsel represented him in an efficient and proper manner. It indicates that in meeting the government's testimony against Crowder, Crowder's counsel conducted his defense in a manner which was both proper and competent.

* Which is being considered as a motion to vacate sentence.

In O'Malley v. United States, 285 F.2d 733, 734 (C.A. 6, 1961) there is found the following:

"In Anderson v. Bannan, supra, 6 Cir., 250 F.2d 654, 655, this Court pointed out, 'A criminal trial before a jury involves questions of policy and judgment, as well as knowledge of the law. In the aftermath of a trial, it is often found that even the most able of counsel may have erred in some respects.' In the opinion of trial counsel it may be advantageous not, to cross-examine a certain witness, or not to use a witness who, although helpful to the defendant in certain respects, could be made a harmful witness on cross-examination. The testimony of prospective witnesses relied upon by a defendant may prove to be overvalued by the defendant and ineffective when fully developed and analyzed by defense counsel in his pretrial preparation. Counsel's decision not to subpoena or use certain witnesses is often a matter addressed to the judgment of the trial attorney. Bolden v. United States, 105 U.S.App.D.C. 259, 266 F.2d 460, 461; Flourre v. United States, 6 Cir., 217 F.2d 132. Many questions may arise in the course of a trial, which must be left to the decision of the defense attorney. The fact that a different or better result may have been obtained if a different decision had been made, does not mean that the defendant has not had the effective assistance of counsel. United States v. Duhart, 2 Cir., 269 F.2d 113, 115; Felton v. United States, 83 U.S.App. D.C. 277, 170 F.2d 153, 154. An excellent discussion of this subject is found in Mitchell v. United States, supra, 104 U.S.App.D.C. 57, 259 F.2d 787, certiorari denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86."

In the opinion of this Court petitioner's claim of ineffective assistance of counsel is not supported by the record.

## II. USE OF POST-INDICTMENT CONFESSION

■ The so-called post-indictment confession was, in the opinion of the Court, a free and voluntary statement made to an F.B.I. agent after Crowder had been fully advised of his constitutional rights. The matter of the so-called post-indictment confession was discussed and considered by the Court of Appeals for the Sixth Circuit in affirming petitioner's conviction. United States v. Crowder, 346 F.2d 1 (C.A.6, 1964), Petition for Rehearing Denied June 14, 1965.

## III. USE OF PERJURED GOVERNMENT EVIDENCE

■ According to petitioner's motion this claim relates to a statement given by a government witness, Williams (also a co-defendant) to an F.B.I. agent after his arrest which involved petitioner in the charge contained in the indictment. Williams, as a witness at the trial, testified that the information he gave the F.B.I. agent involving Crowder was false. At the request of government counsel the Court declared Williams to be a hostile witness, and under cross-examination by government counsel the statement given by Williams to the F.B.I. agent was used to impeach the witness and for no other purpose. In Crowder's petition for a rehearing by the Court of Appeals for the Sixth Circuit he raised the question of corroborating evidence. The Court of Appeals in an opinion denying the petition for rehearing discussed and considered the Williams statement and stated as follows:

"Williams, however, repudiated the statement as 'all a fictitious lie' when called as a witness at Crowder's trial. The statement was admitted to impeach Williams' trial testimony. * * * "

In the light of the foregoing this claim is without merit.

## IV. UNREPRESENTED COURT APPEARANCE

■ It is a claim of petitioner that when he appeared for sentencing on June 17, 1963 his appointed counsel failed to appear and that he can produce testimony and affidavits to this effect.

There was no testimony produced at the hearing on the motion. There was a total lack of affidavits to establish the validity of this claim. The official transcript of the proceedings wherein the petitioner was sentenced by this Court on June 17, 1963 reflects the fact that Crowder's court-appointed counsel, Mr. Provizer, was present with him at the time of his sentence. The transcript further reads in part as follows:

"Detroit, Michigan

June 17, 1963.

THE CLERK OF THE COURT: United States v. Nicholas Crowder.

THE COURT: Crowder, do you have anything to say before I impose sentence on you; or, do you want to speak for him, counsel?

MR. PROVIZER: Mr. Crowder respectfully requests that this Court show leniency on the actions which he has committed. Further, at this time, he does not wish to make a statement, your Honor.

THE COURT: He does?

MR. PROVIZER: He does not.

\*　\*　\*　\*　\*　\*

## V.  INNOCENCE AND MISCARRIAGE OF JUSTICE

■ The question of the guilt or innocence of petitioner was a jury question that was resolved by the jury in its finding of guilt. At the hearing on the motion to vacate sentence no proof was presented by petitioner to sustain a charge of miscarriage of justice. A reading of the transcript of the proceedings that was furnished to the Court of Appeals establishes that he had a fair trial and was not denied due process of law in any respect.

## VI.  USE OF INADMISSIBLE EXTRA JUDICIAL STATEMENTS

■ This claim in petitioner's supplemental motion is in regard to the statement or confession of the government witness Williams, who had made a prior statement to the F.B.I. agent which he later testified was a false statement—at the time of his appearance as a witness at the trial of Crowder. The transcript of the proceedings at the trial establishes without question that the statement and/or confession of Williams was never offered in evidence but was used purely for the purpose of impeaching the testimony of Williams by the government after Williams had been declared a hostile witness by the Court. There is no merit to this claim of the petitioner.

## VII.  LACK OF GOVERNMENT CORROBORATING EVIDENCE

■ The substance of this claim was discussed and considered by the Court of Appeals for the Sixth Circuit in denying Crowder's petition for a rehearing and it has no place in this particular proceeding.

In relation to the above seven claims of the petitioner in support of his motion, each has been or should have been presented to the Court of Appeals for the Sixth Circuit either in the direct appeal by petitioner to the Court of Appeals or in his petition for a rehearing. As already indicated, the defendant Crowder, the petitioner here, was found guilty by a jury on March 20, 1963. Crowder's petition for rehearing before the Court of Appeals was decided by that Court on June 14, 1965. The per curiam opinion was prefaced with the following:

"Appellant's petition for rehearing suggested our consideration of points not directly raised or argued in the District Court or in this Court. We, nevertheless, took notice of them and ordered further argument on the following questions \* \* \*."

Inasmuch as all of the alleged errors set out in petitioner's claims in his motion are alleged to have occurred during his trial, it is apparent that he had ample time to present these alleged errors to the Court of Appeals for its consideration.

"Despite all this we are urged to consider the point of wilfulness particularly with reference to the interstate feature of the substantive counts. In

this connection we have given careful attention not only to the 45 page brief filed by counsel but also to two lengthy, handwritten documents entitled 'Supplemental Brief' and 'Rebuttal' and a typewritten reply brief submitted by appellant himself. The point, however, is a mere rehash of a contention made on the direct appeal from the judgment of conviction and already rejected by us. United States v. Wapnick, 2 Cir., 1963, 315 F.2d 96, cert. denied, 374 U.S. 829, 83 S.Ct. 1868, 10 L.Ed.2d 1052. Moreover, a Section 2255 proceeding may not be used to correct alleged trial errors which were, or could have been, raised on direct appeal from the conviction. See, e.g., United States v. Gernie, 2 Cir., 1961, 287 F.2d 637, cert. denied, 368 U.S. 854, 82 S.Ct. 91, 7 L.Ed.2d 52; United States v. Crawley, 4 Cir., 1962, 309 F.2d 155; Davis v. United States, 7 Cir., 1963, 311 F.2d 495, cert. denied, 374 U.S. 846, 83 S.Ct. 1906, 10 L.Ed.2d 1067." Wapnick v. United States, 355 F.2d 136, 138–139 (C.A. 2, 1966).

At the hearing on the within motion Harry William Whitney, one of the defendants in the indictment involving Crowder, was produced as a witness for the petitioner. He testified at the time of his appearance that he was twenty-nine years of age and had spent the last eight and a half years in jail, being presently confined in the Michigan State Prison at Jackson under a life sentence after having been found guilty of first degree murder. Whitney had entered a plea of guilty to the charges contained in the conspiracy indictment that brought about the conviction of the petitioner. Whitney further testified at the hearing on the motion that he was brought to Crowder's trial as a government witness since he had previously given a statement to the F.B.I. involving Crowder in the criminal activity that brought about the indictment. He stated that he had agreed to testify for the government as to the contents of the statement given by him to the F.B.I.

agent, that when he appeared outside the courtroom he was consulted by the F.B.I. agent who had taken his statement. He further testified that he informed this agent that he was going to recant his statement and told the agent that having been brought back to testify he could only help Crowder if he got on the stand. This testimony was corroborated by the F.B.I. agent who also testified that he conveyed that information to the Assistant United States Attorney conducting the trial of the matter for the government, who immediately decided that he was not going to use Whitney as a witness for the government in view of his proposed recantation.

On the basis of this statement of recantation by Whitney, Crowder, through his counsel, takes the position that the government trial counsel had the duty to inform Crowder and his trial counsel of the fact that Whitney was going to recant his testimony and that if he was placed on the stand he could only help Crowder. Crowder relies upon Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967) as authority for this position, particularly on the opinion of Justice Fortas in *Giles*. This Court presumes that Crowder and his counsel are relying upon that part of Justice Fortas' opinion which reads as follows, at page 98, 87 S.Ct. at page 809:

"I do not agree that the State may be excused from its duty to disclose material facts known to it prior to trial solely because of a conclusion that they would not be admissible at trial. The State's obligation is not to convict, but to see that, so far as possible, truth emerges. This is also the ultimate statement of its responsibility to provide a fair trial under the Due Process Clause of the Fourteenth Amendment. No respectable interest of the State is served by its concealment of information which is material, generously conceived, to the case, including all possible defenses.

This is not to say that convictions ought to be reversed on the ground that information merely repetitious,

cumulative, or embellishing of facts otherwise known to the defense or presented to the court, or without importance to the defense for purposes of the preparation of the case or for trial was not disclosed to defense counsel. It is not to say that the State has an obligation to communicate preliminary, challenged, or speculative information. But this is not that case. Petitioners were on trial for their lives. The information was specific, factual, and concrete, although its implications may be highly debatable. The charge was rape, and, although the circumstances of this case seem to negate the possibility of consent, the information which the State withheld was directly related to that defense. Petitioners' fate turned on whether the jury believed their story that the prosecutrix had consented, rather than her claim that she had been raped. In this context, it was a violation of due process of law for the prosecution to withhold evidence that a month after the crime of which petitioners were accused the prosecutrix had intercourse with two men in circumstances suggesting consent on her part, and that she told a policeman—but later retracted the charge—that they had raped her. The defense should have been advised of her suicide attempt and commitment for psychiatric observation, for even if these should be construed as merely products of the savage mistreatment of the girl by petitioners, rather than as indicating a question as to the girl's credibility, the defense was entitled to know.

The story of the prosecutrix is a tragic one. But our total lack of sympathy for the kind of physical assault which is involved here may not lead us to condone state suppression of information which might be useful to the defense.

With regret but under compulsion of the nature and impact of the error committed, I would vacate the judgment of conviction and require the case to be retried. In view of the conclusions of my Brethren, however, I concur in the judgment of the Court sending this case back to the Court of Appeals for reconsideration."

This Court does not recognize Giles v. Maryland as standing for what counsel for Crowder claims for it. As indicated by that opinion Mr. Justice Brennan announced the judgment of the Court and an opinion in which the Chief Justice and Mr. Justice Douglas joined, in which the judgment of the Court terminated with the following:

"We would therefore vacate the judgment of the Court of Appeals and remand to that court for further proceedings."

Mr. Justice White in a separate opinion concurred in the judgment; Mr. Justice Fortas in a separate opinion concurred in the judgment; and Mr. Justice Harlan was joined by Mr. Justice Black, Mr. Justice Clark and Mr. Justice Stewart in a dissenting opinion, all of which, in effect, presents a situation where the majority judgment is not supported by a majority opinion. City of Manchester v. Leiby, 117 F.2d 661, 664 (C.A. 1, 1941) is authority for the following:

"Until advised by the Supreme Court to the contrary, the best we can do, in the circumstances, is to follow the jurisdictional view set forth in the opinion in the Hague case (Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423) which *commanded the assent of the greater number of justices,* that of Mr. Justice Stone. Accordingly, we hold that freedom of speech, of the press, and of religion are rights 'secured by the Constitution of the United States' within the meaning of Section 24(14); and that under Section 24(14) the District Court had jurisdiction of the present suit, which is of the sort described in the Civil Rights Act, 8 U.S.C.A. § 43." [Emphasis supplied.]

In adopting this formula, which is the only solution our research has developed, we reach the conclusion that Giles v. Maryland does not and did not impose

any duty on the government through its trial counsel to inform Crowder and his trial counsel that the government was not going to use Whitney as a witness, and/or that he was going to recant his testimony and that he would testify favorably in Crowder's behalf.

While testifying as a witness for petitioner, Provizer, Crowder's court-appointed counsel, read from notes that he testified he had prepared prior to the trial and after conferences with Crowder about the background of all the defendants and at least one of the witnesses for the government. This background information included a rather uncomplimentary character review of Whitney. From this testimony it is apparent that Crowder and his counsel had full knowledge of the unsavory background of Whitney, and that they knew or should have known that he would not be the type of person that would make a good witness in any type of case.

As already indicated, the co-defendant Williams testified as a government witness. In his trial testimony he stated that the information given to the F.B.I. involving Crowder in the violation was false and he then proceeded to exonerate Crowder of any complicity in the offense; it is obvious from the verdict of guilty as to Crowder that the jury did not believe Williams' testimony exonerating Crowder. It is also fair to assume that if the jury did not believe one convict who recanted the statement given to the F.B.I., it would not believe another convict with the same type of testimony.

Any competent defense counsel would take a dim view of using the testimony of a convict in an effort to help his client, especially when the client had testified that he himself had been convicted of a felony.

Crowder's claim that he was denied due process because he was not told by government counsel of Whitney's recantation of his statement to the F.B.I. and his further statement that Whitney's testimony would be helpful to Crowder is not supported by any legal authority, and

from the point of view of good trial strategy it is difficult to comprehend how Crowder could be prejudiced by not using Whitney as a witness in his defense.

The motion to vacate the sentence is denied.