Nicholas **CROWDER**, Plaintiff-Appellant,

v.

**UNITED STATES of America**, Defendant-Appellee.

No. 18370.

United States Court of Appeals Sixth Circuit.

Jan. 28, 1969.

Nicholas R. Crowder in pro. per.

Lawrence Gubow, U. S. Atty., David E. Caplan, Asst. U. S. Atty., Detroit, Mich., for appellee.

Before WEICK, Chief Judge, and O'SULLIVAN and EDWARDS, Circuit Judges.

PER CURIAM.

This is an appeal by Nicholas R. Crowder from an order of the United States District Court for the Eastern District of Michigan denying appellant's motion for relief under 28 U.S.C. § 1651(a) (the all writs statute). The District Judge treated the motion as a motion to vacate sentence under 28 U.S.C. § 2255 and denied it. We affirm.

On March 20, 1963, Crowder was found guilty, after trial by jury, of conspiracy to transport stolen and forged money orders in interstate commerce, in violation of 18 U.S.C. § 2314. He was sentenced to a four-year term of imprisonment under 18 U.S.C. § 4208(a) (2). His conviction was affirmed by this Court in December of 1964. United States v. Crowder, 6 Cir., 346 F.2d 1 (1964), rehearing denied 346 F.2d 4 (1965), cert. denied 382 U.S. 909, 86 S.Ct. 249, 15 L.Ed.2d 161 (1965).

In the proceeding here involved, the District Judge ordered a hearing which was held on September 7 and 8, 1967. Crowder was there represented by counsel and presented a large number of grounds for relief, all of which were considered and disposed of in the opinion of Honorable Thomas P. Thornton, reported as Crowder v. United States, 294 F.Supp. 291 (E.D.Mich.1967).

In his brief supporting his present appeal to our Court, Crowder sets out some ten grounds for relief. We have considered all of them and find that the District Court opinion and our former opinion in 346 F.2d 1, adequately discuss and dispose of them.

We, however, shortly discuss one of appellant's contentions. At the hearing in the District Court on the motion now before us, Crowder produced one Harry William Whitney, then serving a life sentence for first degree murder. This man had also pleaded guilty to participation in the same conspiracy which was the subject matter of the indictment under which appellant Crowder had been tried and convicted. He had previously given a statement to the FBI implicating Crowder in the involved conspiracy. Whitney testified that at Crowder's trial he had been brought to the courthouse as a prospective government witness. Whitney further testified that immediately prior to entering the courtroom he told the FBI agent who had previously taken his relevant statement that he was going to recant his statement to the FBI and, if placed on the stand, could only help the appellant, Crowder. This testimony was corroborated at the hearing by the FBI agent, who also testified that he conveyed this information to the Assistant United States Attorney who then concluded not to call Whitney as a government witness. It is Crowder's contention that it was the duty of the Assistant United States Attorney to at once inform Crowder or his counsel of Whitney's threat of recantation of his previous statement that Crowder was a part of the criminal conspiracy. For this position Crowder relied, in the District Court as well as here, upon Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967), and particularly upon the concurring opinion of Mr. Justice Fortas, which argued that failure of the government to provide an accused with information that might be helpful to his defense was a constitutional deprivation. We do not read what Mr. Justice Fortas says as advocating a rule that would call for reversal here. The distinction of this case from Giles is well articulated by Judge Thornton's opinion.

We also agree with his following observation:

"Crowder's claim that he was denied due process because he was not told by government counsel of Whitney's recantation of his statement to the F.B.I. and his further statement that Whitney's testimony would be helpful to Crowder is not supported by any legal authority, and from the point of view of good trial strategy it is difficult to comprehend how Crowder could be prejudiced by not using Whitney as a witness in his defense." 294 F.Supp. at 298.

Judgment affirmed.