William C. HARRIS, Petitioner-Appellant,

v.

Luther THOMAS, Warden, Kentucky
State Penitentiary, et al.,
Respondent-Appellee.

No. 15889.

United States Court of Appeals
Sixth Circuit.

Feb. 23, 1965.

William C. Harris, in pro. per.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, Ky., for appellee.

Before MILLER, CECIL and PHILLIPS, Circuit Judges.

PER CURIAM.

This cause is before the Court on appeal from an order of the United States District Court for the Western District of Kentucky, denying a writ of habeas corpus to William C. Harris, petitioner-appellant, herein. The petitioner was tried before a jury and convicted on an indictment charging armed robbery at the January and February 1956 term of the Marion Circuit Court, Lebanon, Marion County, Kentucky. He was sentenced for life to the Kentucky State Penitentiary, at Eddyville, where he is now confined.

The petitioner contends that the court was without jurisdiction to try his case because the trial judge appointed the Lebanon, Kentucky, City Attorney to represent him. His reasoning is that his counsel by virtue of his position had conflicting interests, was hostile to his cause and could not have been effective in assistance. This alleged conflict of interests is the sole basis of petitioner's claim that his constitutional rights under the Sixth and Fourteenth Amendments of the Constitution of the United States have been violated. In support of this claim, he cites Berry v. Gray, D.C., 155 F.Supp. 494. The facts of this case are readily distinguishable from the petitioner's situation. There the attorney had been elected county attorney and it was his duty to assist the Commonwealth's Attorney to prosecute criminal offenses. He had issued the warrant for Berry's arrest and conducted the examination of witnesses before the Grand Jury.

A petition for a writ of habeas corpus to the Lyon Circuit Court of Lyon County was denied on May 8, 1963. On June 21, 1963, the Kentucky Court of Appeals affirmed the decision of the Lyon Circuit Court. The court said in its opinion:

> "A city attorney is not charged with any of the duties before a grand jury which are imposed by law upon the county attorney, and is in no sense disqualified ex officio to defend an accused at a trial in the circuit court."

The Supreme Court of the United States denied certiorari on January 6, 1964.

375 U.S. 976, 84 S.Ct. 493, 11 L.Ed.2d 421.

There are no facts alleged in the petition which would tend to show that counsel was ineffective or that he did not adequately and impartially represent the petitioner. See O'Malley v. United States, 6 Cir., 285 F.2d 733, and Scott v. United States, 6 Cir., 334 F.2d 72.

▮ Lebanon, Kentucky, is a city of the fourth class. Section 69.560 of Kentucky Revised Statutes provides that among the duties of a city attorney of such a city,

"He shall prosecute all pleas of the Commonwealth and all warrants or proceedings instituted for violation of the ordinances or municipal regulations of the city in the police court, * * *."

There is no claim that petitioner's case ever came in any way within the scope of the city attorney's duties in the police court. No cases have been cited to us in support of the claim that the city attorney was disqualified ex officio to defend the petitioner in the circuit court. We agree with the Kentucky Court of Appeals and conclude that the city attorney was not per se disqualified to represent the petitioner by reason of his office.

▮ Specifically, the only neglect of duty charged to counsel is that he failed to introduce witnesses and did not advise petitioner of the process for obtaining out of state witnesses. We said in O'Malley v. United States, supra,

"In the opinion of trial counsel it may be advantageous not to cross-examine a certain witness, or not to use a witness who, although helpful to the defendant in certain respects, could be made a harmful witness on cross-examination. The testimony of prospective witnesses relied upon by a defendant may prove to be overvalued by the defendant and ineffective when fully developed and analyzed by defense counsel in his pretrial preparation." 285 F.2d at 734.

The witnesses to whom the petitioner refers are not named and there are no allegations of facts about which they would testify, nor in what manner they would have been pertinent to petitioner's case.

"Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." O'Malley v. United States, 6 Cir., 285 F.2d 733, 735, and cases cited.

We find no error on the part of trial judge in dismissing the petition and the judgment of the District Court is therefore affirmed.