**Hudson KINSEY, Petitioner,**

**v.**

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.**

**No. 65–183–Civ. T.**

United States District Court
M. D. Florida,
Tampa Division.

July 23, 1965.

As Amended Aug. 4, 1965.

Supplemental Opinion Nov. 19, 1965.

Rehearing Denied Dec. 2, 1965.

Hudson Kinsey, in pro. per., James M. McEwen, Tampa, Fla., John D. Buchanan, Jr., Asst. Public Defender, Second Judicial Circuit, Tallahassee, Fla., for petitioner.

Earl Faircloth, Atty. Gen. of Florida, James G. Mahorner, Asst. Atty. Gen., Tallahassee, Fla., for respondent.

LIEB, District Judge.

This cause came on for consideration on petition for writ of habeas corpus filed by the petitioner, Hudson Kinsey, in proper person, and the Court's order to show cause issued June 9, 1965. Attending on the Court were petitioner and Court appointed counsel, the Honorable James M. McEwen, and Assistant Attorney General James Mahorner. After consideration of the testimony submitted by the petitioner and the respondent, the Court finds there is no material conflict in such testimony and the following findings are appropriate:

■ A timely notice of appeal was entered on petitioner's behalf. Such appeal was dismissed on June 25, 1963, pursuant to action taken by the petitioner's employed attorney. Such dismissal was without the consent of the petitioner, personally. The petitioner was denied the equal protection of the Florida law extended to other citizens of the State, to-wit: the right of appellate review.

The Assistant Attorney General, James Mahorner, represented to the Court that he will assist the petitioner in the filing of his application to be adjudicated indigent and will assist the petitioner in securing the appointment of counsel.

It is, therefore, upon consideration,

Ordered, adjudged and decreed:

1. If possible under the laws and Constitution of the State of Florida, petitioner is to be extended a review of all errors which might have been reviewed on the previous appeal.

2. If such right is foreclosed by the laws or the Constitution of the State of Florida, or is otherwise not forthcoming by any action other than petitioner's, the petitioner's conviction will be immediately held invalid because of the constitutional infirmity, a denial of equal protection and such invalidation will operate without any further action by this Court.

3. Petitioner is not to prevent the State from extending him the right of an appeal and any such action on the part of petitioner will serve to relieve the State of that duty of extending to petitioner an appeal.

4. The petitioner, or that counsel appointed by the State Court, is directed to file a notice of appeal within thirty (30) days of this order, or ten (10) days after appointment of said counsel, whichever time is later.

### Supplemented Opinion

This cause was originally considered on a petition for writ of habeas corpus and an order to show cause out of which this Court did issue its order on the 23rd day of July, 1965, which was subsequently amended, wherein it was determined that the petitioner, Hudson Kinsey, had been denied the equal protection of Florida law in regard to the right of appellate review. In addition, this Court stated that the petitioner, Hudson Kinsey, was to be provided with counsel and that, after counsel had been provided, the petitioner was to be extended a right of appeal in the State of Florida. However, if this right of appeal was foreclosed by the laws of the State of Florida or was not given to the petitioner,

then petitioner's conviction was to be held invalid.

The State Courts of Florida did, in fact, appoint the Public Defender's office, Second Judicial Circuit, State of Florida, to represent the petitioner in his appeal through the State Courts. The petitioner's appeal was inaugurated in the District Court of Appeal, First District, State of Florida, the same Court which had originally dismissed petitioner's appeal in 1963. The District Court of Appeal, in an opinion filed on October 21, 1965, denied the petitioner's right to perfect his original appeal. 179 So. 2d 108. Hudson Kinsey filed for a rehearing in the matter joined by the Attorney General's office of the State of Florida; and rehearing was denied without opinion in an order dated November 4, 1965.

The petitioner's attorneys then filed for release of the defendant in this Court pursuant to the original order issued by this Court on the 23rd day of July, 1965, and the amended order entered on the 4th day of August, 1965; and it appearing to the Court that the petitioner has proceeded in accordance with the order of this Court in attempting to secure his right to appellate review but that the Courts of Florida have refused to extend the right of appellate review to the petitioner contrary to a finding of fact that there had been a denial of petitioner's constitutional right to review by the Florida Courts, it is, therefore, upon consideration,

Ordered, adjudged and decreed:

That the respondent, Louie L. Wainwright, Director of the Division of Corrections, State of Florida, is hereby ordered to release the petitioner, Hudson Kinsey, from custody without any further delay, not later than 10 days from the date of this order.

On Petition for Rehearing

█ This cause came on for consideration upon the petition for rehearing and/or modification filed on behalf of the respondent, L. L. Wainwright. The contention of the respondent that the petitioner should have sought review through habeas corpus or criminal procedure Rule One F.S.A. ch. 924 Appendix is not well taken in light of the allegation of the petitioner that he had previously sought relief unsuccessfully under criminal procedure Rule One and the admission of this allegation by the respondent in his response to the order to show cause. The Court has considered the petition for rehearing and/or modification and is otherwise fully advised in the premises. It is, therefore, upon consideration,

Ordered, adjudged and decreed:

That the petition for rehearing and/or modification be, and the same is hereby, denied; and that the respondent L. L. Wainwright, Director of the Division of Corrections, State of Florida, is hereby ordered to release the petitioner, Hudson Kinsey, from custody without any further delay, not later than four days from the date of this order.