Venson WOODALL, Petitioner-Appellant,

v.

W. S. NEIL, Warden, Tennessee State Penitentiary, Respondent-Appellee.

No. 20776.

United States Court of Appeals, Sixth Circuit.

June 16, 1971.

William C. Carriger (Court appointed), Chattanooga, Tenn., for petitioner-appellant; Strang, Fletcher, Carriger, Walker & Hodge, Chattanooga, Tenn., of counsel.

Edward E. Davis, Dist. Atty. Gen., Chattanooga, Tenn., for respondent-appellee.

Before EDWARDS, CELEBREZZE and BROOKS, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant appeals from denial of his petition for writ of habeas corpus. The District Judge denied the petition without hearing, holding that the issues sought to be presented here were entirely state issues or were not violations of the federal Constitution.

As to all issues, except one, we affirm for the reasons set forth in the Memorandum Opinion of the District Judge, filed August 3, 1970, 328 F.Supp. 571. As to the remaining issue, petitioner contends that he was denied an opportunity to appeal and effective assistance of counsel when his own retained counsel failed to perfect an appeal which petitioner alleges he had told him to perfect. Petitioner claims he did not know that the appeal was being dropped until after it was too late for him to take other measures. Petitioner relies upon an opinion of this court in Goodwin v. Cardwell, 432 F.2d 521 (6th Cir. 1970), where the petitioner there asserted he did not know he had the right to appeal and that his retained counsel did not tell him

so. While *Goodwin* is not squarely in point, the opinion for the court did hold:

"We remand the case to the District Court with instructions to appoint counsel to represent petitioner and to conduct an evidentiary hearing to determine whether petitioner was denied an appeal by reason of his lack of knowledge of his right and *the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel.*" Goodwin v. Cardwell, *supra*, at 522–523. (Emphasis added.)

*See also* Henderson v. Cardwell, 426 F.2d 150 (6th Cir. 1970); Schaber v. Maxwell, 348 F.2d 664 (6th Cir. 1965); United States ex rel. Smith v. McMann, 417 F.2d 648 (2d Cir. 1969, en banc), cert. denied, 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970).

■ ■ Under some circumstances, as the cases cited above indicate, failure of retained counsel can be such as to deprive an accused of his constitutional right to counsel. As noted above, appellant's claim here is that his retained counsel abandoned his appeal without his consent and without any warning so as effectively to deprive him of his right to appeal. *See* Kinsey v. Wainwright, 251 F.Supp. 30 (M.D.Fla.1965); Cooper v. King, 303 F.Supp. 876 (N.D.W.Va. 1969); United States ex rel. Smith v. DiBella, 314 F.Supp. 446 (D.Conn.1970).

Petitioner has exhausted his state remedies on this issue.

We by no means intend to imply that what is alleged is what has happened in this case. We merely hold that petitioner's allegations on this issue are such as to require hearing in the District Court.

While we affirm the dismissal of this petition as to all other issues, we vacate the judgment and remand for further consideration under Goodwin v. Cardwell, *supra*.