**Kyriacos Peter LOUKAS, Petitioner-Appellant,**

v.

**Perry JOHNSON, Warden, Michigan State Prison of Southern Michigan, Respondent-Appellee.**

**No. 71-1471.**

United States Court of Appeals,
Sixth Circuit.

Jan. 3, 1972.

Kyriacos Peter Loukas, in pro. per.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Stewart H. Freeman, Asst. Sol. Gen., Lansing, Mich., on brief for respondent-appellee.

Before EDWARDS, PECK and KENT, Circuit Judges.

PER CURIAM.

Appellant appeals after denial of his petition for writ of habeas corpus in the United States District Court for the Eastern District of Michigan, Southern Division. The sole issue presented is whether or not the District Judge erred in denying the writ which was sought on grounds of inadequacy of counsel. The petition had been accompanied by an affidavit from appellant's state trial counsel stating that at the time of appellant's state court trial on a charge of receiving and concealing stolen property, said counsel was unaware that under the doctrine of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), appellant had standing to protest the seizure of some stolen securities. These had been seized from a car not owned by him but of which he had possession at the time of his arrest.

This record indicates that appellant was represented at his state court trial by retained counsel. We agree with the District Judge's conclusion that the facts presented do not warrant a holding that counsel's asserted legal error was such as to constitute deprivation of counsel, in violation of the Sixth Amendment to the United States Constitution. Anderson v. Bannan, 250 F.2d 654, 655 (6th Cir. 1958).

■ Further, we are disinclined to overturn a conviction on the basis of defense counsel's own admission of error. As the Illinois Supreme Court has pointed out:

"Ordinarily, a defendant who retains counsel of his own selection is responsible if that counsel does not faithfully serve his interest. Any other rule would put a premium upon pretended incompetence of counsel; for, if the rule were otherwise, a lawyer with a desperate case would have only to neglect it in order to ensure reversal or vacation of the conviction." People v. Mitchell, 411 Ill. 407, 104 N.E.2d 285 (1952).

The judgment of the District Court is affirmed.