Joe DAWSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky,

June 29, 1973.

Rehearing Denied Sept. 14, 1973.

Paul Isaacs, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., James Ringo, Asst. Atty. Gen., Frankfort, for appellee.

REED, Justice.

The appellant, Joe Dawson, was convicted of attempted rape of a child under the age of twelve years. Although he was also charged under the Habitual Criminal Act, KRS 431.190, the jury convicted him only of the principal offense and fixed his punishment at twenty years' confinement, which is the maximum penalty prescribed for attempted rape of a child under twelve. The Habitual Criminal Act did not operate to enhance punishment in this instance.

According to the ten-year-old victim, Dawson lured her into his house by promising to pay her $1.50 to wash his dirty dishes. After she had washed the dishes, Dawson kissed her on the ear, picked her up, carried her to his bedroom, pulled her pants down, and attempted to rape her.

The physician, who examined the victim, stated that he found a fresh and recent injury to the entrance of her vagina; he also testified that the victim had not engaged in sexual intercourse prior to this incident and that her vaginal entrance had been re-

cently ruptured. He was unable to determine whether actual penetration had been achieved. The victim told the physician that Dawson had caused the injuries; the physician stated that his findings as a result of the physical examination were consistent with the victim's story.

■ Dawson asserts that the trial judge should have instructed the jury on the offense of detaining a woman against her will. KRS 435.110. Dawson testified that he asked the girl to wash his dishes, showed her where the dishes were, and left the money for the job on the kitchen cabinet; he said that he then left the house. He denied that he either molested or detained the girl. Nothing in the evidence tended to prove any lesser degree of the offense of rape or attempted rape. No evidence of detaining was even alluded to except as an inseparable incident of attempted rape. There was no evidentiary basis for an instruction on detaining a woman as a separate act. The trial judge properly refused to instruct on detaining. Trimble v. Commonwealth, Ky., 447 S.W. 2d 348 (1969).

■ Dawson complains that his prior conviction was for attempted rape, but the trial court called it a conviction for rape in the instructions. Dawson concedes that the question was not preserved for appellate review. He also concedes that no admonition was requested to the effect that the jury should not consider the former conviction unless they first found Dawson guilty of the principal offense of which he was charged. Therefore, no error was committed that was preserved for review. Taylor v. Commonwealth, Ky., 449 S.W.2d 208 (1969). Since we adhered to the practice of permitting the procedure of trying the habitual criminal issue with the principal offense as recently as Stewart v. Commonwealth, Ky., 479 S.W.2d 23 (1972), we

are not disposed to re-examine the question at this time. In this case, we are not persuaded that Dawson was deprived of a vital substantial right when the total circumstances are considered.

■ While his motion and grounds for a new trial were pending disposition, Dawson filed a pro se motion to vacate judgment under RCr 11.42. Of course this action on his part was premature. The trial judge consolidated the motions for consideration, but first considered the motion and grounds for new trial, which was properly overruled because it demonstrated no prejudicial error. The trial judge on the same occasion then overruled the motion to vacate judgment. An attorney who had not represented Dawson at the trial represented him at this proceeding by appointment. Dawson's claim was inadequate representation. We have carefully examined the transcript of the trial. We find sufficiently adequate representation at the trial level that we are unwilling to second guess strategic decisions made by counsel during the course of the trial. A reading of the final argument to the jury made by defendant's trial counsel evidences a vigorous defense based on necessary risks taken as a part of trial strategy. An alleged conflict of interest because the trial counsel was City Attorney was rejected in Cole v. Commonwealth, Ky., 441 S.W.2d 160 (1969) which we regard as dispositive in this case. Other contentions made by Dawson are so lacking in substance that it is unnecessary to discuss them.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.