James Frazier **RODDY**

v.

**STATE OF TENNESSEE.**

**Civ. A. No. 6749.**

United States District Court,
E. D. Tennessee, S. D.

Nov. 23, 1973.

Leroy Phillips, Jr., Chattanooga, Tenn., for petitioner.

David M. Pack, Atty. Gen., Nashville, Tenn., J. William Pope, Dist. Atty. Gen., Pikeville, Tenn., for respondent.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This case presents a habeas corpus petition filed pursuant to 28 U.S.C. § 2241 in which the petitioner seeks to have his convictions and sentences set aside in three state court cases in the Criminal Court for Rhea County, Tennessee, being (1) Docket No. 8412, in which the petitioner was convicted for attempting to bribe a police officer and was sentenced for two years; (2) Docket No. 8413, in which the petitioner was convicted for receiving and concealing stolen property having a value in excess of $100.00 and was sentenced for three years, this sentence to be consecutive to the sentence in Docket No. 8412; and (3) Docket No. 8414, in which the petitioner was convicted for receiving and concealing stolen property having a value of less than $100.00 and was sentenced for 11 months and 29 days, this sentence to run

concurrently with the sentence in Docket No. 8413.

The gist of the petitioner's contention appears to be that he was denied an appeal in the state court in violation of his constitutional rights in that neither he nor his attorney was notified of the action of the state court in denying his motions for new trial until the time for an appeal had run out. For reasons not apparent in the record, instead of seeking a delayed appeal pursuant to T.C.A. § 27–111, the petitioner filed a post-conviction petition in the state court, joining therein a prayer for a delayed appeal. The post-conviction petition was denied in the state trial court and upon appeal, the Tennessee Court of Criminal Appeals having denied the petition without reference to the prayer for a delayed appeal. That Court found as a matter of fact that the defendant's failure to lodge a timely appeal must be attributed either to the petitioner or his retained counsel and concluded as a matter of law that since the petitioner was represented by privately retained counsel, no state action was involved and accordingly no constitutional issue could exist in the case.

Upon this state of the record, the respondent concedes the exhaustion of state court remedies and predicates his defense upon the proposition that "the failure of the petitioner to appeal his convictions was due to the negligence of his privately retained counsel, not to misfeasance of state officials."

All factual matters in the case have been stipulated by the parties. These stipulations are rather lengthy, but their substance may be gained from the following two paragraphs:

At the trial of the three cases, the petitioner was represented by Mr. William G. McPheeters. On April 21, 1971, Mr. McPheeters timely filed a motion for new trial in these cases. (Exhibit 3). On August 3, 1971, the trial judge permitted Mr. McPheeters to withdraw as counsel for the petitioner. (Exhibit 4). This withdraw-al occurred prior to the argument of the motions for new trial in the cases. The motions for new trial were argued by Mr. Jerome Ables on August 16, 1971, Mr. Ables having replaced Mr. McPheeters as counsel for petitioner. At the time the motions for new trial were argued, the trial judge indicated that he would overrule the motion, but allowed until August 20, 1971, for a brief from counsel for the petitioner on one specific issue. If the brief were not convincing, the order overruling the motion for new trial would be filed. On August 18, 1971, counsel for petitioner wrote the trial judge a letter advising that his office and library had burned and that he would not be filing a brief in the cases. He further indicated in the letter that he did intend to appeal the cases in the event of an adverse ruling on the motions for new trial.

On August 20, 1971, the trial judge entered orders overruling the motions for new trial with respect to all three cases, granting the petitioner an appeal, allowing the petitioner thirty days to file an appeal bond and sixty days to file a bill of exceptions. (Exhibit 6). No formal notice of the aforesaid action of the trial judge in overruling the motions for new trial, granting the appeal and fixing time for the filing of a bill of exceptions was afforded the petitioner or counsel for the petitioner by the trial judge, the Court Clerk or the District Attorney General. The time allowed to perfect the appeal in these cases under the aforesaid trial court's order of August 20, 1971, elapsed without the appeal being perfected by counsel for petitioner, Mr. Jerome Ables. However, the petitioner himself did not knowingly and intelligently waive his right to appeal.

Under the stipulations of fact in this case it appears that the failure of the petitioner to perfect an appeal was due to the fact that the petitioner's retained counsel, having been advised prospectively of the entry of an order over-

*ruling* the petitioner's motion for new trial but having received no subsequent notice of the entry of that order, neglected to file a timely appeal. The failure to file an appeal is stipulated to have been done without the knowledge of the petitioner.

 It is well settled that after a person has been brought into a judicial proceeding by a proper notice, due process does not require notice of all subsequent steps in that proceeding. 16 Am. Jur.2d "Constitutional Law" § 561. Furthermore, it is generally accepted that the failure of a clerk to notify a defendant of the entry of an order denying a motion for new trial is not a procedural error, and therefore could not violate the defendant's constitutional rights even if the failure to notify contributes to the defendant's failure to perfect an appeal. It is specifically so provided in Rule 49(c), Federal Rules of Criminal Procedure. *Cf.* Rosenbloom v. United States, 355 U.S. 80, 78 S.Ct. 202, 2 L. Ed.2d 110 (1957). In the present case, however, the Court need not reach the constitutional issue sought to be raised since the petitioner's counsel was in fact informed that an order denying the motion for new trial would be entered unless counsel filed a brief on certain additional matters by a day certain. Counsel elected not to file a further brief but rather to appeal, and so advised the trial court by letter. Under these circumstances no due process problem could arise in regard to notice or lack of notice.

The foregoing analysis is dispositive of the specific issue raised in these proceedings. There is lurking within the pleadings, however, the further contention of ineffective assistance of counsel and it was in fact upon this issue that the state appellate court appears to have denied post-conviction relief. The Tennessee Court of Criminal Appeals concluded that since the petitioner was represented by retained counsel, rather than appointed counsel, there could have been no state action involved in the petitioner's failure to perfect an appeal and

hence no violation of the petitioner's Fourteenth Amendment rights with respect to due process or equal protection of the law. Cited in support of this conclusion is the Sixth Circuit Court of Appeals case of Davis v. Bomar, 344 F.2d 84 (6th Cir. 1965). The citation appears not to have been misplaced, for the *Davis* case did cite with approval the statement "When counsel is retained by a defendant to represent him in a criminal case he acts in no sense as an officer of the state" 344 F.2d at 87, and did *conclude* the issue with the statement that "Nothing that was claimed to have been done, or not done, by appellant's counsel of his own choosing, could be said to justify a charge of inadequate legal representation on the ground that counsel's conduct made the trial a farce and a mockery of justice, shocking to the conscience of the court, mentioned in O'Malley v. United States, *supra*, 285 F. 2d 733, 6 Cir., as a condition to sustain a showing that such a defendant had not had the effective assistance of counsel."

However, it must be recognized that subsequent decisions of the United States Court of Appeals for the Sixth Circuit have cast in doubt the conclusion reached in Davis v. Bomar, *supra*, at least where appellate procedure is involved. In Goodwin v. Cardwell, 432 F. 2d 521 (6th Cir. 1970), the Court concluded that failure of retained counsel to advise a convicted person of his right to appeal constituted a violation of his right to effective assistance of counsel warranting federal habeas corpus relief. Going one step further in Woodall v. Neil, 444 F.2d 92 (6th Cir. 1971), the Court concluded that failure of retained counsel to perfect an appeal after having been requested to do so was a denial of effective assistance of counsel warranting federal habeas corpus relief.

This Court would have grave reservations as to the soundness of the opinions in either Goodwin v. Cardwell, *supra*, or Woodall v. Neil, *supra*. Not only are the possibilities of collusive failure to perfect an appeal unlimited under these decisions, but it would appear that the

opinions are contrary to well established precedent both within this Circuit and within other circuits in the nation.

In reading the majority opinion in Goodwin v. Cardwell, *supra,* three matters come to mind that would appear to place the soundness of the rule therein announced in question. In the first place, while the Court concludes that the failure of retained counsel to advise a convicted client of his right to appeal constitutes a denial of effective assistance of counsel of a constitutional dimension, rather than give the rationale for the rule thus announced, the Court appears to rely principally upon a reference to the case of United States ex rel Smith v. McMann, 417 F.2d 648 (2d Cir. 1969), cert. denied, 397 U.S. 925, 90 S. Ct. 929, 25 L.Ed.2d 105. The *McMann* case, however, involved the failure of the *state trial court,* not counsel, to advise an *indigent* defendant of his right to appeal. Moreover, the *McMann* decision was predicated upon the Equal Protection Clause, not upon the Due Process Clause as is involved where the effectiveness of counsel is in issue.

In the second place, prior to *Goodwin,* the rule uniformly followed in this Circuit as elsewhere in testing the effectiveness of counsel for constitutional error has been that "only if . . . defendant's attorney . . . made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court, can a charge of inadequate legal representation prevail." O'Malley v. United States, 285 F.2d 733, 734 (6th Cir. 1961); Lotz v. Sacks, 292 F.2d 657 (6th Cir. 1961); Harris v. Thomas, 341 F.2d 560 (6th Cir. 1965); Davis v. Bomar, 344 F.2d 84 (6th Cir. 1965). For cases from other circuits see 21 Am.Jur. 2d "Criminal Law" § 315 and annotation 74 A.L.R.2d 1403 and 157 A.L.R.2d 1226. In *Goodwin* the Court omits any reference to this rule, and appears to adopt a different standard for testing the effectiveness of counsel where the right to appeal is involved. It would appear that the performance of counsel should be tested by the same standard both upon the trial and upon the appellate level.

Finally, it should be noted that the majority opinion in *Goodwin* omits any reference to state action in applying the Due Process Clause to the performance of retained counsel, although the Fourteenth Amendment speaks in terms that ". . . nor shall any State deprive any person of . . . due process of law . ·. ." Although reference to state action is often omitted in reciting the "shock the conscience of the court" test for measuring the effectiveness of counsel, retained or otherwise, the concept of state action is implicit within the statement of the rule. Upon occasion that concept has been made express in the cases. In Lunce v. Overlade, 244 F.2d 108, 110 (7th Cir. 1957) the Court held that "the incompetence of the defense was so apparent as to call for intervention by the officers of the state but nothing was done." This analysis of state action has also been used in the Third Circuit. *See* United States *ex rel.* Darcy v. Handy, 203 F.2d 407 (3rd Cir. 1952); In re Ernst's Petition, 294 F.2d 556 (3rd Cir. 1961); United States v. Banmiller, 205 F.Supp. 123 (E.D.Pa. 1962), affirmed 325 F.2d 514 (3rd Cir. 1963). Failure of the majority opinion in *Goodwin* to include the requirement of state action is the very element that opens unlimited possibilities for collusive failure to perfect an appeal. As stated in the recent case of Loukas v. Johnson, 453 F.2d 407, 408 (6th Cir. 1972):

> "Ordinarily, a defendant who retains counsel of his own selection is responsible if that counsel does not faithfully serve his interests. Any other rule would put a premium upon pretended incompetence of counsel; for, if the rule were otherwise, a lawyer with a desperate case would have only to neglect it in order to ensure reversal or vacation of the conviction."

When the effectiveness or ineffectiveness of counsel can only be established by testimony of the accused or his coun-

sel, as is the case under the rule laid down in *Goodwin,* the accused and his counsel are given permission to grant their own new trial.

Turning to the rule laid down in Woodall v. Neil, 444 F.2d 92 (6th Cir. 1971), all that has been said about *Goodwin* is equally apropos, for *Woodall* is expressly based upon the decision in *Goodwin.*

This Court is of course bound by the decisions in Goodwin v. Cardwell, *supra,* and Woodall v. Neil, *supra,* until or unless those decisions are reconsidered. It is quite clear that under the rule laid döwn in the *Woodall* case the negligent failure of the petitioner's counsel to perfect an appeal, although unknown to any officer of the state, would constitute a due process denial of effective assistance of counsel and would entitle the petitioner to federal habeas corpus relief.

An order will enter accordingly.