Roy POWELL, Petitioner-Appellant,

v.

Donald E. BORDENKIRCHER, Superintendent, Kentucky State Penitentiary, Respondent-Appellee.

No. 85–5689.

United States Court of Appeals, Sixth Circuit.

Argued March 5, 1986.

Decided April 29, 1986.

Rehearing Denied May 27, 1986.

---

J. Vincent Aprile, II, argued, Asst. Public Advocate Dept. of Public Advocacy, Frankfort, for petitioner-appellant.

Virgil W. Webb, III, argued, John S. Gillig, Asst. Atty. Gen., Frankfort, for respondent-appellee.

---

Before JONES and NELSON, Circuit Judges; and EDWARDS, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.

Powell in this appeal from denial of his petition for writ of habeas corpus contends that he was denied effective assistance of counsel. His argument is that when he was unable to hire counsel for his criminal defense, the court appointed as his attorney the city attorney for Carlisle, Kentucky, the city in which the trial took place.

Hopkins, the lawyer appointed for Powell's defense, as city attorney for Carlisle, Kentucky, was required to "prosecute all pleas of the Commonwealth and all warrants or proceedings instituted for violation of the ordinances or municipal regulations of the city in the police court." K.R.S. § 69.560. Powell, in effect, points to this obligation as creating a conflict of interest on the part of Hopkins and therefore a per se violation of Powell's right to a fair trial.

This court has dealt with this problem twice. First in *Harris v. Thomas*, 341 F.2d 560 (6th Cir.1965), we squarely rejected a per se disqualification rule. Again in 1976 in *Dawson v. Cowan*, 531 F.2d 1374 (6th Cir.1976), we declined to review our earlier decision in *Harris* although the opinion would point in the direction of review on a case which presented the naked issue of possible or probable prejudice in the use of a city attorney for counsel appointed to represent an indigent in a criminal case.

This case presents an issue as to whether such an appointment creates 1) a conflict of interest for the lawyer thus appointed, and 2) automatic prejudice to the client he is appointed to represent.

We recognize that in this case the city attorney had prosecutorial responsibilities in relation to enforcing the Carlisle ordinances and municipal regulations in police court, and that appellant's counsel argues that the city attorney appointed to represent a criminal defendant is automatically faced with a conflict of interest. On the one hand, he was obligated to serve the interest of his client, the present habeas petitioner. On the other hand, as attorney prosecutor, he is obligated to maintain good relations with the police force, both local and state. However, in small towns in Kentucky it may be very difficult to get adequate legal representation and arguably the city attorney might be the best qualified and most effective person available. In short, we probably have a conflict between legal principle and practicality which is not at all unusual in the law.

We have now had an opportunity to review the entire record of the trial and thus the performance of appellant's counsel. It would be difficult indeed for us to point out anything more that appellant's counsel could have done to offer a defense for petitioner-appellant Powell that he did not indeed do. We would be inclined to say after reading the entire transcript that petitioner-appellant Powell had the good fortune to be tried before a conscientious judge, a fairly chosen jury, and to have the assistance of a capable legal representative. The reason his legal representative was not able to convince the jury that he was not guilty of the offense charged was simply that the proofs of his guilt were overwhelming and he was unable to present any witnesses to the contrary.

The United States Supreme Court in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) said: "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Id.* at 348, 100 S.Ct. at 1718.

This issue has been presented to the Kentucky Court of Appeals in the case of *Dawson v. Commonwealth*, 498 S.W.2d 128 (Ky.1973) and then on a petition for a writ of habeas corpus which was dismissed by the District Court for the Eastern District of Kentucky and was then appealed to this court. In *Harris v. Thomas*, 341 F.2d at 561, the opinion of the court stated:

There is no claim that petitioner's case ever came in any way within the scope of the city attorney's duties in the police

court. No cases have been cited to us in support of the claim that the city attorney was disqualified ex officio to defend the petitioner in the circuit court. We agree with the Kentucky Court of Appeals and conclude that the city attorney was not per se disqualified to represent the petitioner by reason of his office.

We are unable to find in our instant case any actual conflict of interest or any denial of the effective assistance of counsel.

The judgment of the District Court is affirmed. Appellant Powell's petition is hereby denied.