David Scott KRUSE, Petitioner,

v.

Warden CAMPBELL, et al., Respondents.

Civ. A. No. 3:87–0030.

United States District Court, M.D. Tennessee, Nashville Division.

Jan. 26, 1987.

On Motion to Dismiss May 11, 1987.

Opinion Following Stay Aug. 10, 1987.

William Redick, Jr., Asst. Federal Public Defender, Nashville, Tenn., for petitioner.

Jerry Smith and James W. Thompson, Asst. Attys. Gen., Nashville, Tenn., for respondents.

### MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge,
Sitting by Designation and Assignment.

The petitioner Mr. David Scott Kruse applied *pro se* for the third time successively for the federal writ of habeas corpus, claiming that he is in the custody of the respondent-warden pursuant to the judgment of July 31, 1981 and sentence of the Criminal Court of Tennessee for its (now) 15th judicial district (encompassing Trousdale County) in violation of his federal right under the Constitution, Sixth Amendment, Right to the Assistance of Counsel Clause. 28 U.S.C. §§ 2241(c)(3), 2254(a). His application presenting (among others) this same ground in *David Scott Kruse*, petitioner, v. *Warden Hamby, et al.*, respondents, civil action no. 3:83–0075, this District, was denied on March 14, 1983 for his failure to have exhausted state-remedies available to him.

The applicant claims also the existence of circumstances which render the corrective process of the state of Tennessee ineffective to protect his federal rights as a prisoner. 28 U.S.C. § 2254(b). He asserts that counsel appointed to represent him, in his unsuccessful post-conviction application for relief to the Court which tried and convicted him, failed to implement his instruction to appeal the adverse judgment of such Court to the Court of Criminal Appeals of Tennessee that his application lacked merit.

■ This Court may not entertain the petition of a state convict for the federal writ of habeas corpus unless and until his or her available state-remedies are exhausted, 28 U.S.C. § 2254(b), *supra*, including appellate remedies of the state. *Ex parte Hawk*, 321 U.S. 114, 116–117, 64 S.Ct. 448, 450, 88 L.Ed. 572 (1944). The abandonment of, or failure to take, an appeal by trial counsel without the consent of the petition-

er would amount to a deprivation of a litigant's right to appeal. *Woodall v. Neil*, 444 F.2d 92, 93[2] (6th Cir.1971).

■ The applicant exhibited with his petition a purported reproduction of the (signed) letter of Hon. Ramsey Leathers, Esq., clerk of the Court of Criminal Appeals of Tennessee, of June 13, 1986, stating that "record on appeal from the trial court in the above matter [State of Tennessee v. David S. Kruse, Case no. 541–A–23] has not been filed in this court to date." As the order dismissing the applicant's petition for post-conviction relief in the Criminal Court of Trousdale County, Tennessee, exhibited also herein, reflects its entry on November 29, 1985, it is obvious that petitioner's hearing counsel has not acted timely to perfect the appeal the applicant requested.

Subject to the possible interposition of countervailing evidence on this issue, this Court hereby FINDS the foregoing constitutes circumstances contemplated by the exception of the exhaustion-requirement of 28 U.S.C. § 2254(b), *supra; cf. Woodall v. Neil, supra*. The denial by the State of Tennessee of counsel appointed to represent him on appeal represents a lack of that equality demanded by the Constitution, Fourteenth Amendment, Right to Equal Protection of the Law Clause

> "where the rich man, who appeals as of right, enjoys the benefit of counsel's examination into the record, research of the law, and marshalling of arguments on his behalf, while the indigent, already burdened by a preliminary determination that his case is without merit, is forced to shift for himself."

*Douglas v. People of State of California*, 372 U.S. 353, 358, 83 S.Ct. 814, 817, 9 L.Ed.2d 811 (1963), *accord: Swenson v. Bosler*, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967).

■ The applicant claims his trial counsel were ineffective in:

—failing to insist on sufficient time for preparation for trial;

—failing to take timely the petitioner's statement of the facts;

—failing to interview 8 of the 9 witnesses presented by the prosecution and otherwise investigate pretrial the salient facts;

—failure to object:

—to an allegedly "forged" indictment;

—to the alleged alteration by the pertinent district attorney general of an autopsy report;

—to denial of discovery of pretrial statements taken by the sheriff of the County, investigating the crime, from witnesses for the prosecution;

—to inclusion on the jury panel of a paid employee and friends of the prosecuting attorney; and

—failing to cause the issuance timely of compulsory process for the attendance at trial of witnesses for the petitioner.

These claims are noticed in this Court's own records, Rule 201(b)(2), (c), (f), Fed.R. Evid., in its civil action no. 3:83–0075, *supra*. This Court, in *David Scott Kruse*, petitioner, v. *Larry Lack, et al.*, respondents, civil action no. 3:85–1170, this District, *cert.prob.cause den.*, order of March 14, 1986 (6th Cir. in no. 86–5042), set forth at pp. 4–5 of its memorandum opinion and order to show cause of October 8, 1985 the federal-constitutional requirements for the adequacy of trial counsel.

It not appearing plainly from the face of the petitioner's current application and its annexed exhibits on preliminary consideration that the petitioner is not entitled to relief at this time in this Court, it hereby is

■ ORDERED that the respondent-warden file an answer agreeably with Rule 5, Rules—§ 2254 Cases or other pleading within 23 days herefrom; the noticed slow movement of the mail constitutes good cause for the allowance of such additional time, 28 U.S.C. § 2243; Rule 81(a)(2), F.R. Civ.P., Rule 4, Rules—§ 2254 Cases. The clerk will serve forthwith by certified mail on the respondent-warden and the attorney-general and reporter of Tennessee copies of the petition herein and of this order, *id.*

Should such respondent have additional evidence to submit on the issue of exhaustion of available state-remedies, his response may be confined preliminarily thereto with additional time to be allowed for further answer in the event this Court should reverse its factual finding, *supra.*

## ON MOTION TO DISMISS

### MEMORANDUM OPINION, ORDERS AND STAY

■ The respondent answered, *see* order herein of January 26, 1987, and has moved for a dismissal of the petition herein because of the petitioner's failure to have exhausted his available state-remedies; it is claimed that Mr. Kruse has pending a post-conviction review proceeding that (apparently) has not yet run its course. Mr. Kruse's court-appointed counsel filed a motion requesting that these proceedings herein be delayed for a period of 60 days to allow ascertainment of whether the state will grant Mr. Kruse the opportunity to fully exhaust his state-remedies.

Mr. Kruse filed subsequently a motion *pro se*, requesting the denial of his counsel's motion for such stay, claiming that he has no remedy available to him and that his appointed attorney has not acted in his best interests. The respondent filed additionally a motion for a judgment on the pleadings, Rule 12(c), F.R.Civ.P., claiming that it is apparent, from the face of the memorandum submitted by Mr. Kruse's attorney in support of his motion for the 60–day stay, that Mr. Kruse maintains proceedings in the state courts relative to the claims he presents herein.

While it appears from the record that Mr. Kruse does have pending some type of post-conviction proceeding in the courts of Tennessee, the status of such proceedings is far from certain to either of the attorneys involved in this action or to this Court.

This Court is reluctant to dismiss the petition at this time because of this uncertainty and because it appears that Mr. Kruse's post-conviction proceeding has been delayed for quite a long period of time; on the other hand, this Court is not willing at this time to find that the state corrective-process is ineffective because of such delay, *Mucie v. Missouri State Dept.*

*of Corrections,* 543 F.2d 633, 636 (8th Cir. 1976), in that it also appears that Mr. Kruse may be in a position to appeal the denial of his petition for post-conviction relief within the next 60 days.

Therefore, in light of the uncertainties involved and in the interests of comity, the Court hereby

GRANTS Mr. Kruse's attorney's motion as well taken and STAYS any further action on the petition herein for a period of 60 days so as " * * * to give the state an initial opportunity to pass upon and correct alleged violations of [Mr. Kruse's] federal rights. * * * " *Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971).

The petitioner's aforementioned *pro se* motion hereby is DENIED. This Court further DENIES the respondent's motion for judgment on the pleadings and RESERVES ruling on such respondent's motion to dismiss until the pertinent 60–day period has elapsed.

### OPINION FOLLOWING STAY

By order herein of May 11, 1987, the Court stayed any further action on the petition herein for a period of 60 days and reserved ruling on the respondent's motion to dismiss because of the uncertain status of Mr. Kruse's state post-conviction proceeding. That 60–day period having elapsed, Mr. Kruse moved this Court to deny the respondent's motion to dismiss.

It now appears that, after Mr. Kruse's unsuccessful attempt for state post-conviction relief, his counsel filed on April 4, 1986 a timely notice of appeal; however, such counsel failed to file timely the transcript with the clerk of the trial Court within 90 days after filing the notice of appeal as required by Rule 24(b), Tenn.R.App.P. Nor did such counsel file an appellate brief within 30 days after the record was filed with the clerk of the appellate court.

The respondent argues that Mr. Kruse may still pursue his appeal of the denial of his post-conviction petition, because the filing of the transcript and brief is not jurisdictional and may be waived under certain circumstances. The Supreme Court of Tennessee has held that "an appellate court should permit the late filing of a transcript in all cases where there has been a good faith attempt on the part of the appellant to file the transcript within the time limit set forth in Rule 24(b) and the appellee is not prejudiced by the delay in filing." *Davis v. Sadler,* 612 S.W.2d 160, 161 (Tenn. 1981).

The late filing of a brief has also been allowed when the delay was deemed inconsequential and there appeared to be no prejudice or inconvenience to the appellee. *Tippitt v. Formosa,* 62 Tenn.App. 362, 462 S.W.2d 881, 882 (1970). It appears, therefore, that the applicant has the right to raise his claims herein by way of an appeal to the courts of Tennessee. He must pursue such appeal in order "to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971) (citations omitted).

It is true that the respective time-limitations for the filing of the transcript and appellate brief have been exceeded by at least a year; however, this Court cannot say, given state law, that "there is no opportunity [for Mr. Kruse] to obtain redress in [the] state court[s] or [that] the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19[3], 70 L.Ed.2d 1 (1981). Mr. Kruse has not met his burden of showing compliance with the exhaustion-rule, *Clonce v. Presley,* 640 F.2d 271, 273[2] (10th Cir.1981); *Baldwin v. Lewis,* 442 F.2d 29, 35[4] (7th Cir.1971).

The respondent's motion to dismiss hereby is GRANTED, and the instant application of the petitioner is DENIED. The petitioner's motion to deny the respondent's motion to dismiss hereby is DENIED.

Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R. Civ.P., he is authorized to proceed on such appeal *in forma pauperis.* Rule 24(a),

F.R.App.P. Any such notice will be treated also as an application for a certificate of probable-cause, Rule 22(b), F.R.App.P., which will NOT issue because of the petitioner's failure to have exhausted his available state-remedies.